IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Criminal No. 19-263 |
| ) | |
| RONNY AMARO, ) | |
| ) | |
| Defendant. ) | |
| ) | |

# **OPINION**

Pending before the court is a pro se motion for compassionate release filed by Ronny Amaro ("Amaro") (ECF No. 156). The government filed a response opposing the motion on procedural and substantive grounds (ECF No. 161). Amaro filed a reply (ECF No. 163) and the motion is now ripe for decision. The court concludes that Amaro failed to exhaust his administrative remedies, and therefore, his motion will be denied without prejudice. The court will not address the substantive arguments raised by either party.¹

Factual and Procedural Background

Amaro began serving his sentence at FCI Fort Dix on November 8, 2021. On January 20, 2022, he completed a prison form requesting compassionate release (ECF No. 161-2). The form contained several alternative boxes for claiming extraordinary and compelling circumstances, including: (1) medical circumstances; (2) elderly inmates; (3) death or incapacitation of family member; and (4) incapacitation of a spouse or partner. Amaro checked <u>only</u> the box for "incapacitation of a spouse or partner." *Id.* In the space provided on the form, Amaro explained that his girlfriend was pregnant with their first child, she was under financial stress, and his

---

¹¹ If Amaro chooses to reassert his request for compassionate release, he must address the impact of his Covid-19 vaccinations.

1

family's tire shop was about to close for lack of workers. *Id.* Amaro did not check the box with respect to his own medical circumstances and did not refer to his own medical condition or susceptibility to the Covid-19 virus in any way. *Id.*

The acting warden at FCI Fort Dix issued a decision on Amaro's request on March 7, 2022 (ECF No. 161-2). Not surprisingly, the warden evaluated Amaro's request based on the provisions involving the incapacitation of a spouse. The warden noted that Amaro's presentence report did not indicate he was married or had any children; there was no indication that his girlfriend was completely disabled or unable to engage in self-care; and Amaro failed to show he was the only family member available to provide care for his spouse. *Id.*

In his pending motion, Amaro does not challenge the warden's analysis or decision to deny compassionate release based on the alleged incapacitation of his spouse. Instead, Amaro seeks compassionate release for a different reason he did not present to the warden, namely, his own susceptibility to the Covid-19 virus because he suffers from hypertension (ECF No. 156 at 17). In his reply brief, Amaro adds that his obesity is also a Covid-19 risk factor (ECF No. 163 at 8).

Discussion

Amaro concedes that the reasons he presented to the warden were different than the reasons he now asserts to the court. Amaro argues that because he signed a standard compassionate release form, made some kind of request to the warden, and 30 days have expired, he has an unfettered right to seek relief in this court.

In *United States v. Raia*, 954 F.3d 594 (3d Cir. 2020), the United States Court of Appeals for the Third Circuit held that courts cannot consider requests for compassionate release under

the First Step Act until a prisoner has exhausted his administrative remedies, including allowing 30 days for the Bureau of Prisons ("BOP") to respond to a request for release. The court noted the BOP's statutory role and its shared desire for a safe and healthy prison environment. The court concluded that "strict compliance with § 3582(c)(1)(A)'s exhaustion requirement" must be demonstrated. *Id.* at 597.

A necessary part of "strict compliance" with the exhaustion requirement is that the BOP be given the opportunity to consider the same request made to the court. *See Gadra-Lord v. Doe*, 736 F. App'x 30, 32 (3d Cir. 2018) (prisoner failed to exhaust administrative remedies even though he filed numerous prison grievances because none addressed the subject of the federal court complaint).

For example, in *United States v. Valenta*, No. CR 15-161, 2020 WL 1689786, at *1 (W.D. Pa. Apr. 7, 2020), reconsideration denied, No. CR 15-161, 2020 WL 1984319 (W.D. Pa. Apr. 27, 2020), this court held that an inmate failed to exhaust his administrative remedies where the inmate made no specific reference to Covid-19 in his administrative request and the BOP did not consider his request for release based on Covid-19. In that case, the inmate's original request sought release because he was not receiving appropriate medical treatment that predated the pandemic.

The same analysis applies here. Amaro's administrative request was based on his wife's pregnancy and the financial stress caused by his family's tire business. Amaro never asked the warden to consider compassionate release based on his own susceptibility to Covid-19 and the BOP never addressed that issue. Amaro, therefore, failed to exhaust his administrative remedies regarding the Covid-19 virus. As the court explained in *Valenta*: "One of the purposes for requiring prisoners to exhaust their administrative remedies before bringing a claim in federal

court is to give the BOP an opportunity to address the issue." *Id.* (citing *Woodford v. Ngo*, 548 U.S. 81, 89 (2006)).  As mandated by the court of appeals in *Raia*, the BOP must be given an opportunity to address Amaro's request for release due to the Covid-19 virus before he can seek relief in this court.

Conclusion

In accordance with the foregoing, Amaro's motion for compassionate release (ECF No. 156) must be DENIED, without prejudice, for failure to exhaust his administrative remedies.

An appropriate order will be entered.

Dated:  July 15, 2022.

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Judge
